113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Demetrio YAMBAO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70574.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 30, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Akz-ccz-zbw.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges
 
 
 4
 MEMORANDUM**
 
 
 5
 Demetrio Yambao, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's ("IJ") denial of his requests for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). Yambao contends that: (1) the BIA's determination was not supported by substantial evidence; and (2) the IJ denied him due process by failing to provide an interpreter at his deportation hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 6
 We review the BIA's factual determinations underlying a denial of asylum and withholding of deportation under the substantial evidence standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988) (per curiam). We must uphold the BIA's determination if it is " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " Elias-Zacarias, 502 U.S. at 481 (quoting 8 U.S.C. § 1105a(a)(4)); see Rodriguez-Rivera, 848 F.2d at 1001.
 
 A. Asylum and Withholding of Deportation
 
 7
 Yambao contends that the BIA's determination that Yambao failed to establish a well-founded fear of future persecution by Aquino supporters and the New People's Army based on his activities supporting the Marcos' regime in the Kilusang Bagong Lipunnan New Society Movement was not supported by substantial evidence. We disagree.
 
 
 8
 To be eligible for asylum, an applicant must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(a); INS v. Cardozo-Fonseca, 480 U.S. 421, 423 (1987); Rodriguez-Rivera, 848 F.2d at 1001. The well-founded fear standard includes both an objective and subjective component. See Rodriguez-Rivera, 848 F.2d at 1001. The subjective component requires that the fear be genuine, while the objective component "requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Id. at 1002 (citations omitted).
 
 
 9
 Here, even though Yambao's testimony may have established that his fear of Aquino supporters and the New People's Army was genuine, see Cuadras v. INS, 910 F.2d 567, 570-71 (9th Cir.1989) (stating that applicant's fear was subjectively genuine because IJ did not question applicant's credibility), Yambao failed to produce specific and direct evidence to demonstrate that his fear was well-founded in light of the Immigration and Naturalization Service's evidence establishing changed conditions in the Philippines. See Rodriguez-Rivera, 848 F.2d at 1002; see also Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1994) ("Fundamental social or political changes in the applicant's homeland are highly relevant to the likelihood of future persecution."). Accordingly, substantial evidence supported the BIA's determination that Yambao failed to establish a well-founded fear of future persecution. See Rodriguez-Rivera, 848 F.2d at 1002; see also Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986) (stating that substantial evidence supported BIA's denial of asylum when applicant failed to establish objectively reasonable fear regardless of subjective component).
 
 
 10
 Because Yambao failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Cardozo-Fonseca, 480 U.S. at 448; Acewicz, 984 F.2d at 1062.
 
 
 11
 In addition, the BIA provided an adequate statement of the reasons for its decision which rendered any error committed by the IJ in failing to provide reasoned explanations for the denial of Yambao's application harmless. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995) (stating that BIA's opinion must contain statement of its reasons for denying petitioner relief adequate to conduct review, and that any error committed by IJ will be rendered harmless by BIA's application of correct legal standard).
 
 B. Interpreter
 
 12
 Yambao also contends that the IJ denied him due process by failing to provide an interpreter after he requested one. We disagree.
 
 
 13
 We review de novo alleged due process violations in deportation proceedings. See Hartooni v. INS, 21 F.3d 336, 339 (9th Cir.1994). In order to show a due process violation based on inadequate translation, the alien must show that "a better translation would have made a difference in the outcome of the hearing." Acewicz, 984 F.2d at 1063.
 
 
 14
 Here, even though the IJ noted that Yambao was having trouble expressing himself, Yambao specifically testified that he spoke English, and was able to respond to questions throughout the proceedings. See id. In addition, Yambao failed to specify what new facts would have been presented had the IJ granted his request for an interpreter. See id.; see also Hartooni, 21 F.3d at 340 (stating that interpretation did not influence outcome of hearing because applicant has not indicated what, if anything, she would have said differently if given chance). Accordingly, Yambao failed to establish any prejudice from the IJ's denial of his request for an interpreter. See Acewicz, 984 F.2d at 1063.
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3